UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-06-DLB

UNITED STATES OF AMERICA                                PLAINTIFF

V.                          PLEA AGREEMENT

CORTEZ T. HARRIS                                        DEFENDANT

\*   \*   \*   \*   \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, which charges a violation of 21 U.S.C. § 841, possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.      The essential elements of the Indictment:

(a)     The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b)     The Defendant had the intent to distribute such substance;

(c)     The offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

SMJ
CTH

3.    As to the Indictment, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> On or about January 17, 2025, in Magoffin County, in the Eastern District of Kentucky, law enforcement conducted a traffic stop on a vehicle driven and solely occupied by the Defendant, a resident of Detroit, Michigan. During a subsequent search of the vehicle, law enforcement located and seized 843.2 grams of actual methamphetamine in two vacuum sealed bags. The defendant knowingly possessed this methamphetamine and intended to deliver it to another individual.

4.    The statutory punishment for the Indictment is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 500 grams but less than 1.5 kilograms of methamphetamine (actual), which corresponds to a base offense level of 34.
>
> (c)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits

2

another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

3

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 6/4/ 25                     By: _____
                                         Andrew H. Trimble
                                         Assistant United States Attorney

Date: 5/29/25                     _____
                                         Cortez T. Harris
                                         Defendant

Date: 5/29/85                     _____
                                         Sebastian M. Joy
                                         Attorney for Defendant

4