**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**UNITED STATES OF AMERICA**

**vs.**                                        **Criminal No. 7:25-CR-006-DLB**

**CORTEZ T. HARRIS**

## SENTENCING MEMORANDUM

Defendant, Cortez T. Harris, submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for September 8, 2025 at 10.30 a.m., in Ashland, Kentucky.

The court in determining the particular sentence to be imposed and the need for a variance, shall consider the factors found at 18 U.S.C. § 3553(a). These factors include; the nature and circumstance of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care, or other correctional treatment in the most effective manner.

## BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE

On February 27, 2025, the Grand Jury for the United States District Court for the Eastern District of Kentucky returned a single count indictment against Cortez T. Harris

charging the Defendant with knowingly and intentionally possessing over 500 grams of Methamphetamine with intent to distribute it. The Defendant subsequently pled guilty to count one of the multiple count indictment that he was charged with.

The essential facts of the case are as follows. The defendant on January 17, 2025, traveled from Detroit, Michigan, to Eastern Kentucky with 843.2 grams of Methamphetamine. He was stopped by law enforcement in Magoffin County, Kentucky due to traffic violations. Law enforcement smelled marijuana in his vehicle and searched the vehicle. During the search, the methamphetamine was located by law enforcement. The defendant was initially charged in Magoffin court with Trafficking in a controlled substance and these charges have since been dismissed.

In speaking with the defendant further, he informed the undersigned counsel that at the time of the offense, he struggling financially and was offered $1000.00 to travel to Kentucky, to a preset address and in return, he would be paid $500.00 upfront and then $500.00 upon his return. As the court is well aware, he only received $500.00 for the entire trip due to his arrest. The defendant was not even fully aware as to the exact final location of his travel, other than it is somewhere in Eastern Kentucky and he had an hour left on his trip when he was stopped and arrested by law enforcement.

The defendant has taken full responsibility for his actions and is seeking a just and proper punishment that reflects the seriousness of her offense, yet showing that he deserves a second chance with this court. The defendant is facing a guideline sentencing range of seventy (70) to eighty seven (87) months. The defendant has been held in custody since January 17, 2025 on these charges.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Cortez T. Harris, was born to the non-marital relationship of Lewis Henderson and Kimberly Harris in Detroit, Michigan on October 3, 1986. The defendant was primarily raised by his mother. He grew up in a tough neighborhood and he has a tough childhood due to addiction issues with his parents. Mr. Harris has several full siblings and half siblings and other cousins that he is close with. The defendant has been married once before and he has no children of his own.

## THE DEFENDANTS MILITARY SERVICE WARRANTS A

## DEPARTURE UNDER USSG § 5H1.11

Under USSG § 5H1.11, a defendants military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from typical cases covered by the guidelines.

After graduating from High School, Mr. Harris voluntarily enrolled in the United States Army on 08/22/2005, and he remained active duty until 06/05/2009, when he received an honorable discharge from active duty. Upon receiving his honorable discharge, Mr. Harris enrolled in the U.S. Army Reserves on 06/05/2009 until 09/17/2013.

During Mr. Harris active duty service with the U.S. Army, after he completed basic training and Military Occupational Specialty as a Combat Engineer, Mr. Harris was first sent overseas to Mosul, Iraq for fifteen months. During the fifteen month

deployment, Mr. Harris saw some of the fiercest fighting in Mosul and was actively involved as a Combat Engineer. When a normal deployment lasts between six to twelve months, during this deployment, Mr. Harris and his fellow troops deployment was extended by the U.S. Army.

From 2006 to 2007, Mosul was a major stronghold for the Al Qaeda in Iraq, which was restructuring into the Islamic State under new leadership. The city was a strategic center for the Sunni insurgency and experienced continued fighting between the Iraqi government, American-led forces, and various militant groups amid the escalating Iraqi civil war. Despite security operations in other areas, Mosul remained a key area for the Islamic State after it was driven from Baghdad.

He was then stationed at Camp Casey in Korea for an additional twelve months. During these two overseas tours, Mr. Harris developed PTSD. He has been attempting to received his service connected disability, but has been unable to do so thus far. Mr. Harris is generally considered to a loner and he does not do well working with other individuals.

This military service is certainly present to an unusual degree and distinguishes Mr. Harris from other individuals. The attached article about the Battle for Mosul speaks more about the Iraqi elections that Mr. Harris and his fellow enlistees helped protect. (Please find attached as Exhibit).

### THE DEFENDANT MADE A HUGE MISTAKE IN HIS LIFE

Mr. Harris made a huge mistake. Mr. Harris was attempting to open his own business and was doing well. He was also attempting to get his service connected

disability with the VA and had been denied multiple times. This would've helped him manage his PTSD better and also have a steady income stream. As the PSI notes, Mr. Harris worked for a construction company and was in the process of attempting to get his own construction company off the ground. But with the economy the way it was, Mr. Harris was struggling with earning enough money to survive. At this desperate time, he was offered a job driving a car to Eastern Kentucky for $1000.00. He knew there was some kind of drug that he was transporting, and he probably should not have taken on the job.

But the allure of a quick $1000.00 for a day of work was too tempting. Mr. Harris readily acknowledges that this was a mistake and he is paying the price for this mistake.

Mr. Harris, would be the classic person that needs to be punished, deterred, and rehabilitated, not convicted, warehoused and forgotten. The need for the sentence to promote respect for the law and to provide just punishment can be attained by the Court by granting a downward variance and sentencing Mr. Harris, to time served plus a five year term of Supervised Release or Probation. Mr. Harris does not seem like the kind of person who will re-offend.

### THE DEFENDANTS CRIMINAL HISTORY IS MINIMAL

The Pre-Sentence Report places Mr. Harris at a Criminal History category of I. He has zero criminal history points. The defendants past criminal interactions are minimal. This clearly shows that Mr. Harris is not someone that the court will be seeing again based on his past history. If past history is a good indicator of future behavior, then it would be safe to assume that Mr. Harris, is someone that can be rehabilitated.

Going back to some of the factors outlined by Attorney General Holder in his statements, Mr. Harris, has no ties to any gangs and has never indicated that he is a violent criminal. Mr. Harris made a one time bad decision, other than that, he has served protecting our country. This is rather clear from the PSR.

Even people like Mr. Harris, need help when they fall to the ground. Instead of putting him in prison and warehousing him, Mr. Harris, is someone who can be helped and is currently living a drug free life. This arrest has already changed is life. He will be punished either way to a sentence that is the longest that he's ever served.

The Defendant is not a violent person and he has never shown any violent tendencies during his adult life. He does not pose a threat to the public at all. If the United States Department of Justice intends to make changes to fix our burgeoning prison problem, we need a place to start and someone to start this with, and Mr. Harris, is probably the best candidate to do so.

The Defendant would respectfully ask the court that he make a recommendation to the Bureau of Prisons that he be housed as close to Detroit, Michigan or Atlanta, Georgia, if possible, if the court sentences him to a term of incarceration.  The defendant would also request the court to recommend that he complete the five hundred hour RDAP program if the court sentences him to a term of incarceration.

WHEREFORE, we would respectfully submit that the court grant the Defendant a sentence of credit for time served followed by a term of five years supervised release or probation, which is no more than necessary to promote respect for the law, yet at the same time be a deterrent for future criminal behavior.

Respectfully submitted this 29th day of August, 2025.

CORTEZ T. HARRIS.
By Counsel

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

__s/ Sebastian M. Joy_____
Sebastian M. Joy, Esq.
Counsel for Defendant CORTEZ T. HARRIS.
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE**

**UNITED STATES OF AMERICA**

**vs.**                                                        **Criminal No. 7:25-CR-006-DLB**

**CORTEZ T. HARRIS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **SENTENCING MEMORANDUM** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**      Hon. Andrew Trimble
                              Office of United States Attorney
                              Eastern District of Kentucky
                              London, Kentucky

**DATE:**                  August 29, 2025

                                                            Very truly yours,

                                                            JOY LAW OFFICE
                                                            2701 Louisa Street
                                                            P.O. Box 411
                                                            Catlettsburg, KY 41129
                                                            Telephone: (606) 739-4569
                                                            Facsimile: (606) 739-0338


                                                            __s/ Sebastian M. Joy_____
                                                            Hon. Sebastian M. Joy
                                                            Counsel for Defendant
                                                            Kentucky Bar # 92583
                                                            West Virginia Bar # 10945
                                                            E-mail: sjoy@joylawoffice.com
                                                            Admitted in Kentucky & West Virginia